U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 5 2021
CLERK, U.S. DISTRICT COURT
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EARL KING, TDCJ-CID No. 02009392, | § § § | |
| Plaintiff, | § § | |
| v. | § | 2:18-CV-144-Z-BR |
| LORIE DAVIS, *et al.*, | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER
## DISMISSING CIVIL RIGHTS COMPLAINT

Before the Court is Plaintiff's civil rights complaint brought pursuant to 42 U.S.C. § 1983 against the above-referenced Defendants, filed July 27, 2018 (ECF No. 3) ("Complaint"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff was granted permission to proceed *in forma pauperis*. On June 20, 2019, Plaintiff amended his claims (ECF No. 15) ("Amended Complaint"). For the reasons discussed herein, Plaintiff's Complaint is **DISMISSED**.

### BACKGROUND

Plaintiff alleges that on December 12, 2017, during his transportation from his cell to an eye doctor appointment, two TDCJ correctional officers refused to remove his handcuffs to allow him to go to the bathroom. *See* ECF No. 15, at 4. Although he was not prohibited access to the restroom, TDCJ officers refused to remove his handcuffs. *See id.*, at 4-5. Plaintiff alleges that the handcuffs were too tight which caused him to urinate all over himself. *Id.*, at 5. Plaintiff claims that the urine saturated his cloths and got in and on his shoes. *Id.* The transporting officers

(Defendants Wallace and Ramirez) then removed his handcuffs so he could clean up. *Id.*, at 4-6. Plaintiff notes that Defendant Ramirez refused to remove the restraints based on TDCJ policy before he was allowed in the restroom but removed the restraints after he had urinated on himself. *Id.*, at 6. As a result of this incident, Plaintiff claims he suffered embarrassment, humiliation, mental anguish, and physical pain in the form of fright or shock. *Id.*, at 4. Plaintiff claims it was very cold outside and that during his transport back to his cell he was "freezing cold." *Id.*, at 6. Plaintiff alleges this was an Eighth Amendment violation. *See id.*

Plaintiff alleges the other named Defendants are responsible for the actions of Defendant Ramirez based on their supervisory capacities or failure to act to remedy the situation after the fact. *Id.*, at 2-3.

### LEGAL STANDARD

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993).
[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together

ANALYSIS

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones, and the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *See Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (quotations omitted). "[C]ertain prison conditions [are] so 'base, inhuman and barbaric' that they violate the Eighth Amendment.'" *Palmer v. Johnson*, 193 F.3d 346, 352 (5th Cir. 1999) (quotations omitted). This includes the deprivation of adequate access to bathroom facilities. *Id.*

In order for a prison official to be in violation of the prohibition against cruel and unusual punishment, "the prison official's state of mind must be examined to whether the undue hardship endured by the prisoner was the result of the prison official's deliberate indifference." *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). To establish deliberate indifference, the prisoner would have to show that the defendant: "(1) was aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn and (2) and he actually drew an inference that such potential harm existed." *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

However, Plaintiff's Amended Complaint does not indicate that he was denied access to a bathroom facility. *See* ECF No. 15, at 4-6. Rather, when provided access, his handcuffs were not removed, which he acknowledges was in accordance with TDCJ policy. *Id.*, at 6. Even though Defendant Ramirez removed his handcuffs after he urinated on himself to allow Plaintiff to clean up, and Plaintiff views this as a violation of TDCJ policy – indicating that Defendant Ramirez

---

with the *Watson* questionnaire.")

3

could have removed the handcuffs at any time – the original refusal to remove the handcuffs was not an act of deliberate indifference to the Plaintiff's health or safety because many inmates urinate while handcuffed. "The fact that inmates may occasionally soil themselves while attending to their bodily functions does not automatically mean that they have been subjected to inhumane conditions." *Davis v. Scott*, 157 F.3d 1003, 1006 (5th Cir. 1998). Further, Plaintiff was given the opportunity to clean himself after the incident. *See Bradley v. Puckett*, 157 F.3d 1022 (5th Cir. 1998). Even though Plaintiff alleges some delay in being able to change clothes (while transported back to his cell), Plaintiff does not state a constitutional claim because he has not alleged deliberate indifference or more than a *de minimus* physical injury. *See Decker v. Dunbar*, 633 F. Supp. 2d 317, 341-42 (E.D. Tex. 2008). Plaintiff has not alleged any current or future risk to his health because of the incident, and he cannot recover for any mental or emotion injury without some physical injury. *See* 42 U.S.C. § 1997e(e); *Alexander v. Tippah County, Miss.*, 351 F.3d 626 (5th Cir. 2003) (quotations omitted). Thus, Plaintiff's Amended Complaint is frivolous as it lacks an arguable basis in law and fact.

Plaintiff's claims against the remaining Defendants must also be dismissed. In Section 1983 suits, liability of government officials for the unconstitutional conduct of their subordinates may not rest solely upon a theory of *respondeat superior* or vicarious liability. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citing *Robertson v. Sichel*, 127 U.S. 507, 515–16 (1888)); *see also Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005) ("Under Section 1983, supervisory officials are not liable for the actions of subordinates on any theory of vicarious liability."). Thus, supervisory officials are not subject to vicarious liability under Section 1983 for the acts or omissions of their subordinates. *See Mouille v. City of Live Oak, Tex.*, 977 F.2d 924, 929 (5th Cir. 1992). Absent direct personal participation in the alleged constitutional violation, a plaintiff must

prove that each individual defendant either implemented an unconstitutional policy that directly resulted in injury to the plaintiff or failed to properly train a subordinate employee. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011); *Thompkins v. Belt*, 828 F.2d 298, 303–04 (5th Cir. 1987). Here, Plaintiff's claim of deliberate indifference is frivolous; as such, none of the supervisors are subject to liability for failure to properly train subordinates or for implementing an unconstitutional policy.

**CONCLUSION**

For the reasons set forth above and pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2) and 42 U.S.C. § 1997e(a), it is ORDERED that the Complaint by Plaintiff filed pursuant to 42 U.S.C. § 1983 be **DISMISSED** with prejudice.

**SO ORDERED.**

May 5, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE